## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

QUATRAIL SMITH,

    Plaintiff,                        Case No. 2:23-CV-11490
                                          HONORABLE MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT COURT JUDGE


VOURHEES, ET. AL.,

    Defendants,

_____/

### ORDER REQUIRING SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED PRISON OFFICIAL AND A CURRENT COMPUTERIZED TRUST FUND STATEMENT OF ACCOUNT

      Before the Court is Plaintiff Quatrail Smith's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. For the reasons stated below, plaintiff is ordered to provide a signed certification of his trust account from an authorized prison official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months within thirty days of this Court's Order. In the alternative, plaintiff shall pay the $ 350.00 dollar filing fee and the $ 52.00 administrative fee within thirty days of the order.

      The Court notes that although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009). In addition,

1

plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each jail or prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Accordingly, unless plaintiff chooses to pay the filing fee of $ 350.00, plus the $ 52.00 administrative fee in full, the Court **ORDERS** him to provide a financial certificate signed by plaintiff's custodian or designee and a current computerized trust fund statement of account showing the history of the financial transactions in plaintiff's institutional trust fund account for the last six months. If plaintiff does not provide the requested information to the United States

District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED.**

S/David. R. Grand
HON. DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Dated:

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

Deputy Clerk: s/TThompson

Dated: 6/26/2023